# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **Caliber Home Loans, Inc.** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| **vs.** | **RE:**<br>**223 New County Road, Saco, ME 04072** |
| **Belinda Morrill** | **Mortgage:**<br>**October 12, 2016**<br>**Book 17346, Page 562** |
| **Defendant** | |

NOW COMES the Plaintiff, Caliber Home Loans, Inc., by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Belinda Morrill, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Caliber Home Loans, Inc., in which the Defendant, Belinda Morrill, is the obligor and the total amount owed under the terms of the Note is Two Hundred Eighty-Three Thousand One

Hundred Eleven and 55/100 ($283,111.55) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

<u>PARTIES</u>

4. Caliber Home Loans, Inc. is a corporation organized under the laws of the State of Texas, with its principal place of business located at 13801 Wireless Way, Oklahoma City, OK 73134.

5. The Defendant, Belinda Morrill, is a resident of Saco, County of York and State of Maine.

<u>FACTS</u>

6. On October 12, 2016, by virtue of a Warranty Deed from Aurel Paquette a/k/a Aurele A. Paquette and Lucille Paquette, which is recorded in the York County Registry of Deeds in **Book 17346, Page 560**, the property situated at 223 New County Road, County of York, and State of Maine, was conveyed to the Defendant, Belinda Morrill, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On October 12, 2016, the Defendant, Belinda Morrill, executed and delivered to Norwich Commercial Group, Inc. D/B/A Norcom Mortgage a certain Note in the amount of $272,791.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on October 12, 2016, the Defendant executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Norwich

Commercial Group, Inc. D/B/A Norcom Mortgage, securing the property located at 223 New County Road, Saco, ME 04072 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 17346**, **Page 562**.  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9.   The Mortgage was assigned to Caliber Home Loans, Inc. by virtue of an Assignment of Mortgage dated July 13, 2018 and recorded in the York County Registry of Deeds in **Book 17765**, **Page 102**.  *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10.  The Mortgage was then assigned to Caliber Funding by virtue of a Quitclaim Assignment dated November 9, 2018 and recorded in the York County Registry of Deeds in **Book 17846**, **Page 943**.  *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

11.  The Mortgage was further assigned to Caliber Home Loans, Inc. by virtue of a Quitclaim Assignment dated January 24, 2019 and recorded in the York County Registry of Deeds in **Book 17912, Page 631**.  *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

12.  On February 11, 2019, the Defendant, Belinda Morrill, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

13.  The Demand Letter informed the Defendant, Belinda Morrill, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit G.

14. The Defendant, Belinda Morrill, failed to cure the default prior to the expiration of the Demand Letter.

15. The Plaintiff, Caliber Home Loans, Inc., is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

16. The Plaintiff, Caliber Home Loans, Inc., is the lawful holder and owner of the Note and Mortgage.

17. The total debt owed under the Note and Mortgage as of March 15, 2019 is Two Hundred Eighty-Three Thousand One Hundred Eleven and 55/100 ($283,111.55) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $265,704.02 |
| Interest | $9,832.92 |
| Escrow/Impound Required | $6,428.04 |
| FHA/MI Premium Due | $341.18 |
| Late Fees | $655.39 |
| Total Advances | $150.00 |
| Grand Total | $283,111.55 |

18. Upon information and belief, the Defendant, Belinda Morrill, is presently in possession of the subject property originally secured by the Mortgage.

<u>COUNT I – FORECLOSURE</u>

19. The Plaintiff, Caliber Home Loans, Inc., repeats and re-alleges paragraphs 1 through 18 as if fully set forth herein.

20. This is an action for foreclosure respecting a real estate related Mortgage and title located at 223 New County Road, Saco, County of York, and State of Maine. *See* Exhibit A.

21. The Plaintiff, Caliber Home Loans, Inc., is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).  As such, Plaintiff, Caliber Home Loans, Inc., has the right to foreclosure upon the subject property.

22. The Plaintiff, Caliber Home Loans, Inc., is the current owner and investor of the aforesaid Mortgage and Note.

23. The Defendant, Belinda Morrill, is presently in default on said Mortgage and Note, having failed to make the monthly payment due May 1, 2018, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

24. The total debt owed under the Note and Mortgage as of March 15, 2019 is Two Hundred Eighty-Three Thousand One Hundred Eleven and 55/100 ($283,111.55) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $265,704.02 |
| Interest | $9,832.92 |
| Escrow/Impound Required | $6,428.04 |
| FHA/MI Premium Due | $341.18 |
| Late Fees | $655.39 |
| Total Advances | $150.00 |
| Grand Total | $283,111.55 |

25. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

26. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

27. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Belinda Morrill, on February 11, 2019, evidenced by the Certificate of Mailing.  *See* Exhibit G.

28. The Defendant, Belinda Morrill, is not in the Military as evidenced by the attached Exhibit H.

COUNT II – BREACH OF NOTE

29. The Plaintiff, Caliber Home Loans, Inc., repeats and re-alleges paragraphs 1 through 28 as if fully set forth herein.

30. On October 12, 2016, the Defendant, Belinda Morrill, executed and delivered to Norwich Commercial Group, Inc. D/B/A Norcom Mortgage a certain Note in the amount of $272,791.00.  *See* Exhibit B.

31. The Defendant, Belinda Morrill, is in default for failure to properly tender the May 1, 2018 payment and all subsequent payments.  *See* Exhibit G.

32. The Plaintiff, Caliber Home Loans, Inc., is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Belinda Morrill.

33. The Defendant, Belinda Morrill, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

34. The Defendant Belinda Morrill's breach is knowing, willful, and continuing.

35. The Defendant Belinda Morrill's breach has caused Plaintiff Caliber Home Loans, Inc. to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

36. The total debt owed under the Note and Mortgage as of March 15, 2019, if no payments are made, is Two Hundred Eighty-Three Thousand One Hundred Eleven and 55/100 ($283,111.55) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $265,704.02 |
| Interest | $9,832.92 |
| Escrow/Impound Required | $6,428.04 |
| FHA/MI Premium Due | $341.18 |
| Late Fees | $655.39 |
| Total Advances | $150.00 |
| Grand Total | $283,111.55 |

37. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

<u>COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED</u>

38. The Plaintiff, Caliber Home Loans, Inc., repeats and re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. By executing, under seal, and delivering the Note, the Defendant, Belinda Morrill, entered into a written contract with Norwich Commercial Group, Inc. D/B/A Norcom Mortgage who agreed to loan the amount of $272,791.00 to the Defendant. *See* Exhibit B.

40. As part of this contract and transaction, the Defendant, Belinda Morrill, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

41. The Plaintiff, Caliber Home Loans, Inc., is the proper holder of the Note and successor-in-interest to Norwich Commercial Group, Inc. D/B/A Norcom Mortgage, and has performed its obligations under the Note and Mortgage.

42. The Defendant, Belinda Morrill, breached the terms of the Note and Mortgage by failing to properly tender the May 1, 2018 payment and all subsequent payments. *See* Exhibit G.

43. The Plaintiff, Caliber Home Loans, Inc., is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Belinda Morrill.

44. The Defendant, Belinda Morrill, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

45. The Defendant, Belinda Morrill, is indebted to Caliber Home Loans, Inc. in the sum of Two Hundred Eighty-Three Thousand One Hundred Eleven and 55/100 ($283,111.55) Dollars, for money lent by the Plaintiff, Caliber Home Loans, Inc., to the Defendant.

46. Defendant Belinda Morrill's breach is knowing, willful, and continuing.

47. Defendant Belinda Morrill's breach has caused Plaintiff, Caliber Home Loans, Inc., to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

48. The total debt owed under the Note and Mortgage as of March 15, 2019, if no payments are made, is Two Hundred Eighty-Three Thousand One Hundred Eleven and 55/100 ($283,111.55) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $265,704.02 |
| Interest | $9,832.92 |
| Escrow/Impound Required | $6,428.04 |
| FHA/MI Premium Due | $341.18 |
| Late Fees | $655.39 |
| Total Advances | $150.00 |
| Grand Total | $283,111.55 |

49. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

50. The Plaintiff, Caliber Home Loans, Inc., repeats and re-alleges paragraphs 1 through 49 as if fully set forth herein.

51. Norwich Commercial Group, Inc. D/B/A Norcom Mortgage, predecessor-in-interest to Caliber Home Loans, Inc., loaned Defendant, Belinda Morrill, $272,791.00.  *See* Exhibit B.

52. The Defendant, Belinda Morrill, is in default for failure to properly tender the May 1, 2018 payment and all subsequent payments.  *See* Exhibit G.

53. As a result of the Defendant's failure to perform under the terms of their obligation, the Defendant, Belinda Morrill, should be required to compensate the Plaintiff, Caliber Home Loans, Inc.

54. As such, the Plaintiff, Caliber Home Loans, Inc., is entitled to relief under the doctrine of *quantum meruit*.

COUNT V –UNJUST ENRICHMENT

55. The Plaintiff, Caliber Home Loans, Inc., repeats and re-alleges paragraphs 1 through 54 as if fully set forth herein.

56. Norwich Commercial Group, Inc. D/B/A Norcom Mortgage, predecessor-in-interest to Caliber Home Loans, Inc., loaned the Defendant, Belinda Morrill, $272,791.00.  *See* Exhibit B.

57. The Defendant, Belinda Morrill, has failed to repay the loan obligation.

58. As a result, the Defendant, Belinda Morrill, has been unjustly enriched to the detriment of the Plaintiff, Caliber Home Loans, Inc. as successor-in-interest to Norwich Commercial Group, Inc. D/B/A Norcom Mortgage by having received the aforesaid benefits and money and not repaying said benefits and money.

59. As such, the Plaintiff, Caliber Home Loans, Inc., is entitled to relief.

PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Caliber Home Loans, Inc., prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Caliber Home Loans, Inc., upon the expiration of the period of redemption;

c) Find that the Defendant, Belinda Morrill, is in breach of the Note by failing to make payment due as of May 1, 2018, and all subsequent payments;

d) Find that the Defendant, Belinda Morrill, is in breach of the Mortgage by failing to make payment due as of May 1, 2018, and all subsequent payments;

e) Find that the Defendant, Belinda Morrill, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Belinda Morrill, is in breach of contract by failing to comply with the terms and conditions of the  Note and Mortgage by failing to make the payment due May 1, 2018 and all subsequent payments;

g) Find that the Plaintiff, Caliber Home Loans, Inc., is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Belinda Morrill has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Caliber Home Loans, Inc., to restitution;

j) Find that the Defendant, Belinda Morrill, is liable to the Plaintiff, Caliber Home Loans, Inc., for money had and received;

k) Find that the Defendant, Belinda Morrill, is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Belinda Morrill, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Belinda Morrill, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Caliber Home Loans, Inc., is entitled to restitution for this benefit from the Defendant, Belinda Morrill;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Belinda Morrill, and in favor of the Plaintiff, Caliber Home Loans, Inc., in the amount of Two Hundred Eighty-Three Thousand One Hundred Eleven and 55/100 ($283,111.55 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Caliber Home Loans, Inc.,
By its attorneys,

Dated: March 22, 2019

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670